UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EBONY EVANS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-01096-AGF |
| CAPITAL ONE BANK, N.A., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

The matter is before the Court on the Consent Motion to Compel Arbitration by Defendant Citibank, N.A. (Doc. No. 23). For the reasons set forth below, the Court will grant Defendant Citibank's motion.

This consumer credit matter was filed by Plaintiff Ebony Evans on October 14, 2022, against five Defendants: Capital One Bank, N.A.[1]; Citibank, N.A.; Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion, LLC. (Doc. No. 1). Plaintiff claims that Defendants Capital One and Citibank erroneously reported late payment histories to Defendant credit reporting agencies Experian, Equifax, and TransUnion. Plaintiff alleges that Defendants violated various sections of the Fair

---

[1] Plaintiff filed a notice of settlement with Defendant Capital One Bank, N.A. on December 2, 2022. (Doc. No. 20). Dismissal papers are due on January 31, 2023. (Doc. No. 21).

Credit Reporting Act (15 U.S.C. § 1681 et seq.) including failure to properly investigate disputes and failing to correct false information.  Plaintiff is seeking actual damages for economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities; punitive damages; and costs and attorneys' fees.

This matter is currently in the pleadings stage.  Defendant Experian has filed an answer, Defendant TransUnion's answer was due December 20, 2022, and Defendant Equifax's answer is due on January 19, 2023.  (Doc. Nos. 22, 26).

On December 19, 2022, Defendant Citibank N.A. ("Citibank") filed this motion to compel arbitration, stay the proceedings pending the completion of arbitration, and to allow 90 days for Plaintiff to initiate arbitration.  Defendant asserts that its relationship with Plaintiff is governed by a Card Agreement that contains an arbitration clause.  (*See* Doc. No. 23-1).  The clause provides that either party may choose to arbitrate "any claim, dispute or controversy" between the parties "arising out of or related to [Plaintiff's] account, a previous related account, or [the parties'] relationship."  (*Id.* at 5).

Plaintiff has consented to arbitration and a stay in the proceedings.  The Parties have requested that Plaintiff be allowed 90 days to initiate arbitration to allow time for the parties to discuss an amicable resolution of the dispute.

The Federal Arbitration Act ("FAA") "establishes a liberal federal policy favoring arbitration agreements." *M.A. Mortenson Co. v. Saunders Concrete Co.*, 676 F.3d 1153, 1156 (8th Cir. 2012).  "A motion to compel arbitration must be granted 'if a valid arbitration clause exists which encompasses the dispute between the parties.'" *Id.* (citing *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008); *see* 9 U.S.C. §§

2, 4.  Neither party disputes the validity or applicability of the arbitration agreement to Plaintiff's claims, and Plaintiff has consented to arbitration.  As such, the Court will grant the motion to compel arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Citibank's consent motion to compel arbitration is **GRANTED**.  (Doc. No. 23).

**IT IS FURTHER ORDERED** that Plaintiff shall have **90 days** to initiate arbitration.  The parties shall file a status report no later than **March 31, 2023**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Citibank will be **STAYED** pending the completion of arbitration.  Plaintiff's claims against the remaining Defendants shall proceed in this Court.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2022.